**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**KIMBERLY ALEXANDER**                                                                   **PLAINTIFF**

**vs.**                                                              **Civil Action No. 3:19-cv-47-CWR-LRA**

**VICKSBURG BATTLEFIELD HOTEL,
LLC d/b/a MOTEL 6 VICKSBURG**                                                  **DEFENDANT**

---

**DEFENDANT VICKSBURG BATTLEFIELD HOTEL, LLC'S
NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF ITS UNOPPOSED
MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING UNDER SEAL**

---

COMES NOW, Defendant Vicksburg Battlefield Hotel, LLC d/b/a Motel 6 Vicksburg ("Motel 6"), pursuant to Local Uniform Civil Rule 79(e)(3), by and through its undersigned counsel of record, and files this, its Non-Confidential Memorandum in Support of Its Unopposed Motion for Leave to File Supplemental Pleading Under Seal, and in support thereof, would show unto the Court the following:

**I.      RELEVANT BACKGROUND**

On January 17, 2019, Motel 6 filed its Notice of Removal removing this matter to the United States District Court for the Southern District of Mississippi, Northern Division, citing 28 U.S.C. § 1332 as its grounds for removal. On January 24, 2019, this Court requested a supplemental pleading from the LLC detailing its membership and residency for each member pursuant to *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). The requested supplemental pleading contains sensitive information – the personal home address of its

membership. Accordingly, Motel 6 respectfully requests that it be granted leave to file its supplemental pleading under seal.

## II.     LEGAL ARGUMENT

Motel 6's supplemental pleading contains sensitive information that should be protected from the public's view. Pursuant to 5 U.S.C. § 552(b)(6), "personnel and medical files are protected from disclosure if disclosure would constitute a clearly unwarranted invasion of the individual's personal privacy." See 5 U.S.C. § 552(b)(6). "In order for information to be within subsection (b)(6), the information must be personnel, medical, or similar files and a balancing of individual privacy interests against public interest in disclosure must reveal that disclosure of the information would constitute a clearly unwarranted invasion of personal privacy." *Miami Herald Pub. Co. v. U.S. Small Business Administration,* 670 F.2d 610 (5th Cir. 1982). "Moreover, in applying the exemption, the court must balance the privacy interest or personal nature of information sought against the public interest that would be served by disclosure." *Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir. 1979); See also *Avondale v. N.L.R.B.,* 90 F.3d 955, 959 (5th Cir. 1996).

Motel 6 is aware that "a court must use caution in exercising its direction to place records under seal," and that consideration of such motion must take into account the strong presumption that court records are public and weigh that principle against any countervailing interests that would be served by closure. *United States v. Holy Land Found. For Relief and Dev.*, 624 F.3d 685, 686-91 (5th Cir. 2010).

In this instant matter, Motel 6 contends that the production of its membership's personal home address expressly violates the membership's rights to keep its personal information private. The membership has provided its Registered Agent's address via the Mississippi

Secretary of State's office to avoid unnecessary harassment regarding business matters at its membership's home address. To publicize the membership's address, vehemently opens the doors for unwanted visitors.

For the purposes of Local Rule 79, Motel 6 believes there are clear and compelling reasons to seal the supplemental pleading from public access only, with CM/ECF access permitted to the litigants' counsel. Additionally, Plaintiff's counsel has consented to Motel 6's request to file its supplemental pleading under seal. While the information contained in the supplemental pleading is material to this Court's jurisdiction determination, no public interest is served by disclosing the LLC's membership's home address. As such, the public and the Plaintiff suffer no prejudice.

### III.   CONCLUSION

For the foregoing reasons, Motel 6 respectfully requests that this Court will enter an order allowing it to file its supplemental pleading under seal.

RESPECTFULLY SUBMITTED, this the 31st day of January, 2019.

**VICKSBURG BATTLEFIELD HOTEL, LLC d/b/a MOTEL 6 VICKSBURG**

By:   */s/ Darryl A. Wilson*
R. Jarrad Garner (MSB No. 99584)
Darryl A. Wilson (MSB No. 104902)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone:   601-353-3234
Facsimile:    601-355-9708
jarrad.garner@arlaw.com
darryl.wilson@arlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document with the Clerk of the Court using the ECF electronic filing system, which sent notification of such filing to all counsel of record.

This the 31st day of January, 2019.

>   */s/ Darryl A. Wilson*
>   Darryl A. Wilson